**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINTEZ TALLEY, | ) | Civil Action No. 2: 16-cv-0152 |
| | ) | |
| Plaintiff, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| C/O R. KING and C/O ORBASH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**[1]

Presently before the Court is a "Notice" filed by Plaintiff, Quintez Talley, requesting the Court to reinstate his appellate rights. (ECF No. 126).

On October 17, 2017, following the return of a jury verdict in favor of Defendants in this case (ECF No. 110), the Court entered judgment in favor of Defendants and against Plaintiff. (ECF No. 111). Thereafter, Plaintiff filed a timely Motion for New Trial. (ECF No. 115). After briefing by the parties, the Court denied the motion for new trial on January 4, 2018.

Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(v), Plaintiff had 30 days, or until Monday, February 5, 2018, to appeal from the judgment. A notice of appeal has not been filed in this case.

On February 21, 2018,[2] the Court received the instant Notice in which Plaintiff represents that from December 15, 2017, until February 5, 2018, he was "committed to the Psychiatric Observation Cell at SCI Graterford" and although he was transferred to SCI-Fayette he was unable to access his legal property until February 9, 2018.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 11 and 16.

[2] The Notice was dated February 14, 2018.

1

Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal "be filed with the district clerk within 30 days after the date of entry of judgment or order appealed from." Fed.R.App.P. 4(a)(1)(A). The judgment order was entered on October 17, 2017; however, the motion for new trial was denied on January 4, 2018. By the terms of Rule 4(a)(1) and 4(a)(4)(A)(v), Plaintiff had until February 5, 2018, to file a notice of appeal. He did not file a notice of appeal by this deadline.

Federal Rule of Appellate Procedure 4(a)(5) provides that "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule (4)(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed.R.App.P. 4(a)(5). The Advisory Committee Notes to Rule 4(a)(5) state that "despite the text of Rule 4(a)(5)(A), most of the courts of appeals have held that the good cause standard applies <u>only</u> to motions brought prior to the expiration of the original deadline and that the excusable neglect standard applies <u>only</u> to motions brought during the 30 days following the expiration of the original deadline." *See* Fed.R.App.P. 4(a)(5), 2002 Advisory Committee Note. (emphasis added). Further, the 2002 Advisory Committee Notes also explain that "good cause" and "excusable neglect" are not interchangeable and one is not inclusive of the other." The excusable neglect standard applies in situations in which there is fault; . . . The good cause standard applies in situations where there is no fault - excusable or otherwise." *Id.*

Because the instant request was brought after the expiration of the original deadline, the Court will use the "excusable neglect" standard. District courts within the Third Circuit apply a case-by-case analysis in determining whether an appellant has demonstrated excusable neglect.

2

See *Consolidated Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 918 n.3 (3d Cir. 1987), *cert. denied sub non, Consolidated Freightways Corp. of Delaware v. Secretary of Transp. of Pa.*, 484 U.S. 1032 (1988). In *Larson,* our appellate court enumerated factors for courts to consider in determining the issue of excusable neglect: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; and (5) whether the court is satisfied the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. *Id.*

In this case, the Court finds that the failure to file a timely appeal was a result of Plaintiff being transferred to the Psychiatric Observation Cell for approximately 72 days and thereafter being transferred to a different DOC facility, which resulted in him not having access to his legal property until February 9, 2018. The Court finds that the *Larson* factors support a finding of excusable neglect.

**AND NOW**, this 23rd day of February, 2018, upon consideration of Plaintiff's request to reinstate his direct appeal rights (ECF No. 126), Plaintiff's request is **GRANTED** and it is **ORDERED** that the time for Plaintiff to file an appeal is extended under Rule 4(a)(5) to allow the filing of his appeal *nunc pro tunc*.

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:     QUINTEZ TALLEY
        KT 5091
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450
        (via U.S. First Class Mail)

        Timothy Mazzocca
        Office of Attorney General
        (via ECF electronic notification)